UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

LISA P. FAVOR,

    Plaintiff,

v.

BCA FINANCIAL SERVICES, INC.,

    Defendant.

_____/

## COMPLAINT
## JURY DEMAND

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), and violation of the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331. *Mims v. Arrow Fin. Servs. LLC,* 132 S. Ct. 740 (U.S. 2012). *Mims v. ArrowFin. Servs. LLC*, 2012 U.S. LEXIS 906 (U.S. 2012). This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3. Plaintiff, LISA P. FAVOR, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, BCA FINANCIAL SERVICES, INC., ("BCA") is a corporation formed under the laws of the State of Florida and citizen of the State of Florida with its principal place of business at Suite 426, 18001 Old Cutler Road, Miami, Florida 33157.

5. Defendant is registered with the Florida Department of State Division of Corporations as a domestic corporation. Defendant's registered agent is Kathleen H. Kinggard, Suite 426, 18001 Old Cutler Road, Miami, Florida 33157.

6. Defendant is registered with the Florida Office of Financial Regulation as a consumer collection agency.

7. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8. Defendant regularly collects or attempts to collect debts for other parties.

9. Defendant is a "debt collector" as defined in the FDCPA.

## FACTUAL ALLEGATIONS

10. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for an alleged medical debt.

11. Defendant left the following messages on Plaintiff's voice mail on her cellular telephone on or about the dates stated:

**JULY 22, 2016 At 12:52 PM  PRE-RECORDED MESSAGE**
Incorrect number press two or you may hang up to end this call. Thank you. We will try our call again at another time.

**AUGUST 5, 2016 At 11:50 AM PRE-RECORDED MESSAGE**
Correct number press two or you may hang up to end this call. Thank you. We will try our call again at another time.

2

**SEPTEMBER 19, 2016 At 4:13 PRE-RECORDED MESSAGE**
Incorrect number press two or you may hang up to end this call. Thank you. We will try our call again at another time.

12.     Defendant, or another party acting on its behalf, left similar or identical messages on other occasions using an automated telephone dialing system or pre-recorded or artificial voice on Plaintiff's cellular telephone. (Collectively, "the telephone messages").

13.     The messages are "communications" as defined by 15 U.S.C. §1692a(2). See *Berg v. Merchs. Ass'n Collection Div*., Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

14.     Defendant failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose its name and the purpose of Defendant's messages.

15.     Defendant, or others acting on its behalf, used an automatic telephone dialing system or a pre-recorded or artificial voice to place telephone calls to Plaintiff's cellular telephone.

16.     None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227 (b)(1)(A).

17.     Defendant willfully or knowingly violated the TCPA.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

18.     Plaintiff incorporates Paragraphs 1 through 17.

3

19. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and *Leyse v. Corporate Collection Servs.*, 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

20. Plaintiff incorporates Paragraphs 1 through 17.

21. Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity and failed to disclose the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc.*, Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc.*, 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.*, 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

4

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT III
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

22.    Plaintiff incorporates Paragraphs 1 through 17.

23.    Defendant, or others acting on its behalf, placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    a declaration that Defendant calls violate the TCPA;

    c.    a permanent injunction prohibiting Defendants from placing non-emergency calls to the Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice; and

    d.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

> DONALD A. YARBROUGH, ESQ.
> Attorney for Plaintiff
> Post Office Box 11842
> Ft. Lauderdale, FL 33339
> Telephone: 954-537-2000
> Facsimile: 954-566-2235

don@donyarbrough.com

By: s/ Donald A. Yarbrough
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658

6